No. 41,069

THE FARMERS STATE BANK, Ingalls, Kansas, a Corporation, *Appellant,* v. NORBERT IRSIK, *Appellant,* WILFRED BUGNER, *Appellee.*

(331 P. 2d 292)

Opinion filed November 8, 1958.

*John Staley Holden,* of Cimarron, argued the cause and was on the briefs for the appellants.

*Myron S. Steere,* of Ottawa, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action on a promissory note and to foreclose a chattel mortgage given as security therefor.

From a very confusing abstract of the record, the facts appear to be substantially as follow:

The note in question was dated April 16, 1954; was due in ninety days, and was payable to plaintiff bank. It was signed by

"Wilfred Bugner
Irsik Bros. by Norbert Irsik."

As security for payment thereof Bugner executed a chattel mortgage to the bank covering certain livestock and farming implements. Apparently the note was not paid when due, for on June 28, 1956, the bank filed this suit in the district court of Gray County against "Wilfred Bugner and Norbert Irsik" as defendants.

At all times material defendant Bugner was a resident of Franklin County, and defendant Irsik was a resident of Gray County. Summons was duly issued to the sheriff of Franklin County for Bugner (G. S. 1949, 60-2502).

On July 21, 1956, Bugner filed a motion to make "Irsik Bros., a partnership, and S. J. Irsik, the other partner in said partnership," parties defendant on the ground that his, Bugner's, defense related, among other things, to his dealings with Irsik Bros. and S. J. Irsik, as well as with Norbert Irsik, in their dealings with plaintiff bank.

On October 5, 1956, the court ordered that "Irsik Bros." be made a party defendant.

Some time between October 5, 1956, and December 15, 1956, counsel for the bank inserted in the petition, by interlineation, the following, after the name of Norbert Irsik: "(of Irsik Bros.)," thus showing and naming the defendants in the action as "Wilfred Bugner and Norbert Irsik (of Irsik Bros.)."

No praecipe for summons on Irsik Bros. was ever filed.

On December 18, 1956, Bugner filed a motion to strike the petition from the files on the ground plaintiff bank had failed to comply with the order of October 5, 1956, wherein it was ordered that Irsik Bros. be made a party defendant—or, in lieu thereof, that the bank be required to amend its petition by stating what parties constitued Irsik Bros.

On November 13, 1957, plaintiff bank's attorney filed an answer in behalf of defendant Norbert Irsik which, after alleging the execu-

tion of the note and chattel mortgage sued on, alleged that the note and mortgage had been assigned by the bank to him, Norbert Irsik, and prayed for judgment on the note and mortgage against his co-defendant Bugner.

On November 23, 1957, Bugner filed a motion denominated

"SPECIAL APPEARANCE BY DEFENDANT WILFRED BUGNER
· TO STRIKE ANSWER OF NORBERT IRSIK"

which, in part, alleged:

"4. That at all times herein the plaintiff and defendant Norbert Irsik by and through their attorney well knew that defendant Bugner's motion filed herein on or about the 17th day of December, 1956, was well taken and that plaintiff failed to comply with the order of the court rendered herein on the 5th day of October, 1956, to make Irsik Bros. a party defendant herein; that notwithstanding the above said plaintiff and defendant Norbert Irsik by and through their attorney have attempted to avoid the effect of said motion and are apparently attempting to retain jurisdiction and venue of an action between defendant Norbert Irsik and defendant Bugner in this court; and are otherwise attempting by virtue thereof to use defendant Bugner's motion on file herein to further their practices in the premises; all without notice to defendant Bugner and his attorney."

The prayer of the motion was that the order of the court allowing defendant Norbert Irsik to plead out of time be reconsidered and that his answer be stricken from the files.

On December 3, 1957, Norbert Irsik filed an amended answer, which, as far as the record discloses, was substantially identical to his answer.

On December 13, 1957, all parties being present by counsel, the court took up and heard argument on the two motions by Bugner heretofore referred to. The journal entry of the judgment, omitting formal parts, rendered pursuant thereto, reads:

"Now on this 13th day of December, 1957, the above entitled matter comes on for hearing upon the motion of defendant Wilfred Bugner to dismiss the petition, without prejudice, insofar as it pertains to Wilfred Bugner, and to dismiss the answer and amended answer of Norbert Irsik insofar as it pertains to Wilfred Bugner, without prejudice. The plaintiff and defendant, Norbert Irsik, appear by their attorney, John Staley Holden, and the defendant, Wilfred Bugner, appears by his attorney, Myron S. Steere, the said Wilfred Bugner appearing specially in accordance with his motion on file herein.

· "Thereupon, the court having heard the arguments of counsel for the movant and plaintiff and Norbert Irsik, the said plaintiff and defendant Norbert Irsik appearing by their attorney, John Staley Holden, the court takes the matter under advisement.

"Later and on the 20th day of December, 1957, the court finds that the

petition of the plaintiff herein is and should be dismissed without prejudice insofar as it pertains to Wilfred Bugner, defendant, for the reason that plaintiff has disobeyed the court's order in the proceeding, in that plaintiff has failed to make 'Irsik Bros.' a party defendant as ordered by the court on the 5th day of October, 1956.

"The court further finds and does recognize the special appearance of defendant, Wilfred Bugner, insofar as the attempted substitution of plaintiff and cause of action against defendant Bugner, filed by Norbert Irsik by his attorney, John Staley Holden, who is also attorney of record for plaintiff, under the heading of 'Answer of Norbert Irsik', as amended, is concerned; and the court finds that such portion of said answer as attempts to state a cause of action against defendant, Bugner, should be dismissed without prejudice.

"IT IS BY THE COURT SO ORDERED AND ADJUDGED."

In other words, plaintiff bank's action, insofar as it pertained to Bugner, was dismissed without prejudice, and, in addition, such portion of Norbert Irsik's answer, as amended, as attempted to state a cause of action against defendant Bugner, was dismissed without prejudice.

Both the bank and Norbert Irsik have appealed, and specify as error the orders requiring that "Irsik Bros." be made a party defendant, dismissing the bank's petition against Bugner, and dismissing Norbert Irsik's cause of action against Bugner.

As heretofore related, the note was signed by

"Wilfred Bugner
Irsik Bros. by Norbert Irsik."

and the petition named Wilfred Bugner and Norbert Irsik as defendants.

On the face of things, and in view of the grounds of Bugner's motion, the court properly required that Irsik Bros. be made a party defendant under the authority of G. S. 1949, 60-741, which provides that if it appears from the petition or in any other manner that there is a defect of parties plaintiff or defendant the court may on motion require the absent parties to be brought in.

The insertion of "(of Irsik Bros.)" after the name of Norbert Irsik in the petition was not a compliance with the court's order. The most that can be said for it is that the inserted words were merely "descriptive" of Norbert Irsik. In view of the bank's assignment of the note and mortgage to Norbert Irsik, as alleged in his cause of action against Bugner, perhaps, as suggested by Bugner, there is valid ground to dismiss the bank's appeal for the reason that it is now out of the picture and has no further interest in the subject

matter. Be that as it may, however, the court did not err in dismissing the bank's action against Bugner under the authority of G. S. 1949, 60-3105, which provides that an action may be dismissed by the court without prejudice to a future action for want of necessary parties or for disobedience by the plaintiff of an order concerning the proceedings in the action.

With respect to the order dismissing Norbert Irsik's cause of action against Bugner very little need be said. Jurisdiction of Bugner, a resident of Franklin County, was obtained in the first instance solely due to the fact Irsik, a resident of Gray County, also was made a party defendant (G. S. 1949, 60-2502). Following the dismissal of plaintiff bank's action against Bugner he was, as far as that phase of the case was concerned, no longer subject to the jurisdiction of the court. From the findings included in the judgment, set out above, it is quite apparent the court was well aware of the maneuver by which it was attempted to convert the action by the bank into one by Irsik, as plaintiff, against Bugner. Under the circumstances of the case, we are unwilling to say the court erred in recognizing the special appearance of Bugner for the purpose of his motion. The bank's action already had been dismissed. To permit Irsik to proceed as a plaintiff against Bugner, in Gray County, would, under the circumstances, circumvent the statute (G. S. 1949, 60-509), which provides that an action such as this must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned. If he desires to proceed against Bugner the statute provides the forum.

An examination of this record convinces us the court did not err in any of the particulars specified and the judgment is affirmed.